STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
RACHEL VALADEZ (SBN 252415)
RValadez@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  310.553.3610
Facsimile:  310.553.0687

JULIANNE R. DAVIS, OSB No. 842038 (*pro hac vice pending*)
davisj@lanepowell.com
PARNA A. MEHRBANI, OSB No. 053235 (*admitted pro hac vice*)
mehrbanip@lanepowell.com
LANE POWELL PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Plaintiff
GOLDEN TEMPLE OF OREGON, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN TEMPLE OF OREGON, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>YOGI BOTANICALS INTERNATIONAL CORPORATION, a California corporation; and RANBIR SINGH BHAI, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 10-7736-VBF (FFMx)<br><br>**PLAINTIFF GOLDEN TEMPLE OF OREGON, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANTS YOGI BOTANICALS INTERNATIONAL CORPORATION AND SINGH BHAI'S COUNTERCLAIMS 1 THROUGH 6**<br><br>Date:  April 18, 2011<br>Time:  1:30 p.m.<br>Ctrm:  9<br>Judge:  Hon. Valerie Baker Fairbank |

# I. INTRODUCTION

Plaintiff, Golden Temple of Oregon LLC ("GTO" or "plaintiff"), respectfully moves the Court to dismiss Yogi Botanicals International Corporation, and Ranbir Bhai's (collectively "Yogi Botanicals" or "defendants") counterclaims 1-6, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and Federal Rule of Civil Procedure 9(b) for failure to plead facts sufficient to satisfy the heighten standards for fraud. Lastly, GTO requests the Court to dismiss counterclaims 1-6, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of standing.

Defendants' counterclaims 1-6 seek to either cancel or transfer plaintiff's trademark Reg. Nos.. 3,607,292, (Yogi) 3,435,101, (Yogi Tea), and 1,980,514 (Yogi Tea) (hereinafter collectively referred to as the "Yogi Marks"). Defendants base each of their claims on two separate arguments: (1) that a third party owns the marks, and therefore plaintiff cannot assert those rights against them; and (2) that the registrations were obtained through fraud.

Defendants' allegations that plaintiff is not the rightful owner of the registrations cannot be successfully asserted in the context of a lawsuit for trademark infringement. In essence, defendants assert that someone has the right to sue them for trademark infringement, just not plaintiff, and thus defendants are not liable to plaintiff for their infringement. There are no facts or law which would allow defendants to prevail on allegations that because of a third party ownership of the marks, it is free to infringe those marks.

Lastly, defendants also have no standing to assert counterclaims 1-6. Defendants are not the owners, nor do they have any ownership interest in the trademark registrations at issue, and thus they have no standing to assert any claims relating to the relevant registrations.

Defendants cannot prevail on their allegations of fraud. Defendants allege that each registration "on information and belief, [were] procured by false of

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-45

fraudulent declarations and misrepresentations." That is the sum total of defendants' allegations relating to their contention that each and every registration was obtained by fraud. Under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." The allegations of fraud in defendants' counterclaims 1-6 amount to mere statements, and therefore cannot support their claims for cancellation or transfer of the Yogi Marks.

## II. STATEMENT OF FACT

GTO is one of the nation's leading manufactures of natural food and beverage products. GTO has sold it products throughout the world under various brands and trademarks, including its well-known Yogi, and Yogi Tea marks (collectively, the "Yogi marks"), for many years. (Plaintiff's Complaint ("Pl.'s Comp.") ¶ 9.) GTO has secured registrations with the U.S. Patent and Trademark (USPTO) for each of the marks asserted in this lawsuit; to wit: Registration Nos.; 3,345,101 (Yogi Tea), 3,607,292 and 1,980,514(Yogi). (Pl.'s Comp. ¶ 10.) Aside from use of these registered marks, pursuant to a license agreement (the "License Agreement"), GTO previously used a likeness of the late Yogi Bhajan, a religious and spiritual leader and renowned yoga teacher, on its product packaging. The License Agreement was terminated by GTO in 2008, and since then, GTO has not used the marks covered by the License Agreement. (*Id.*)

In approximately 1997, GTO started a division called Yogi Botanicals for the importation and manufacture of organic oil, spices, and herbs, both for use in its own tea products and for sale on the wholesale market. (Pl.'s Comp. ¶ 13.) Defendant, Ranbir Bhai ("Bhai"), was placed in charge of the Yogi Botanicals division of GTO. GTO used the "Yogi Botanicals" name in connection with the goods sold by the Yogi Botanicals division, and thereby obtained common trademark rights in the YOGI BOTANICALS mark. (*Id.*) The division was discontinued in 2000. (*Id.*)

2

708480.0104/913035.1    PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS 1 THROUGH 6

After the discontinuation of the division, Bhai continued as an employee of GTO, and also became a field representative for Tagtraum Tea, a German company that was affiliated with GTO, and that later became a subsidiary of GTO. Bhai's compensation from Tagtraum was in the form of commissions on bulk sales of herbs and spices. (Pl.'s Comp. ¶ 14.)

Sometime in 2006, while still an employee of GTO and Tagtraum, Bhai formed a new company in California, which he named Yogi Botanicals. Bhai and Yogi Botanicals began selling, and continue to sell, bulk ingredients such as spices, herbs, dried flowers, nuts, extracts, essential oils, and honey under the marks YOGI BOTANICALS, YOGI BOTANICALS ORGANIC SOLUTIONS, and designs YOGI NUT and YOGI OIL. (Pl.'s Comp. ¶ 15.) Neither Bhai, nor YOGI BOTANICALS ever sought permission or a license to use the above enumerated marks from plaintiff. Accordingly, plaintiff has brought this action for trademark infringement. Defendants seek to avoid liability for their infringement by claiming that they are "authorized" to use the marks cited above.

Defendants do not contend that their use is "authorized" by GTO. Instead, defendants allege that the YOGI marks belong to a Trust maintained by the late Bhajan, and his wife Bibijii. Therefore, defendants claim GTO is not the rightful owner of the registrations, and therefore plaintiff has no right to assert the marks against them. Alternatively, defendants allege that plaintiff has no rights to assert the Yogi marks because the registrations were obtained through misrepresentations and fraudulent activities.

### III. ARGUMENT

**A. Standards for Dismissal Under Federal Rule of Civil Procedure 12(b)(6).**

A court should grant a motion to dismiss when a pleading "fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed when there is "either a 'lack of a cognizable legal theory' or 'in absence of sufficient facts alleged under a cognizable legal theory.'" *In re*

3

*Washington Mut. Overdraft Protection Litigation,* 539 F. Supp. 2d 1136, 1151 (C.D. Cal. 2008) (quoting *Balistrere v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1988). A court deciding a motion to dismiss "need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Id.* at 1152 (citing *Western Min. Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).

The Supreme Court recently set forth the proper framework for evaluating a complaint on a motion to dismiss. In *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009), the Court explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the pleading is inadequate as a matter of law. *Id.* Thus, a court should first identify conclusory allegations and disregard them; the court should then consider the well-pleaded factual allegations and consider whether, if true, they plausibly give rise to a claim for relief. *See id.*

**B.    Standards for Dismissal Under Federal Rule of Civil Procedure 12(b)(1).**

Defendants do not have standing to assert their claims to transfer or cancel GTO's federal trademark registrations. In order to seek either cancellation of transfer of the registrations covering the Yogi marks, defendants must show that they have standing to assert such claims. *Lipton Industries v. Ralston Purina Co.,* 670 F.2d 1024 (CCPA 1982). To have standing, an entity seeking to cancel or transfer a mark must first demonstrate that it has a real interest in the use of the registered marks. The purpose of requiring standing is to prevent litigation where the entity seeking relief is no more than an intermeddler. *Id.*

**1. Defendants have no right to seek transfer of the relevant registrations.** In order to bring a claim for transfer of a trademark, defendants seek to transfer the Yogi marks to the successors of the Trust (*see* below). To support this claim, defendants allege in their first, second and third counterclaims that:

(a) GOT first began use of the Yogi marks through acquisition of a company that used the marks pursuant to a License Agreement with a Trust set up by Harabajan Singh Khalsa Yogii (Yogi Bhajan) and his wife Inderjit Kauer Puri commonly referred to as Bibiji (the "Trust");

(b) After the termination of the License Agreement in 2009, plaintiff no longer had rights to use the Yogi Marks;

(c) Plaintiff did obtain Federal registration 3,607,292, but the registration really belonged to the successors the Trust (Bibiji and certain assistants of Yogi Bhajan);

(d) There is a real controversy as to ownership of the registrations;

(e) "On information and belief" plaintiff obtained the registrations through false or fraudulent declarations and misrepresentation;

(f) Defendants are "authorized" by the Trust and Bibiji to use the Yogi marks; and

(g) Accordingly, the court can, and should, transfer the registrations to the Trust.

The allegations fail on their face for three simple reasons. First, the Yogi marks at issue were never, nor are they now, subject to the License Agreement, and neither the Trust nor defendants have any rights relating to the asserted registrations. Second, defendants have not adequately alleged facts that establish that a third party owns the trademarks, nor have they alleged a single fact that they have any rights whatsoever in the marks, and thus defendants lack standing to seek to transfer of the trademarks to anyone. Third, defendants do not, and cannot,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-45

allege basic prima facie elements of their claim that plaintiff does not own, and has no rights to the trademarks. Indeed, defendants allege no facts which, if true, would entitle them to seek to transfer the marks at issue. All defendants have done is to plead conclusory statements and threadbare recitals of the elements of a cause of action. Accordingly, the allegations contained in counterclaims 1-3 relating to the transfer of the registrations to the Yogi marks can be disregarded by the Court. Plaintiff's motion to dismiss counterclaims 1-3 for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and for lack of standing under Fed. R. Civ. P. 12(b)(1), should be granted. Likewise, plaintiff's motion to dismiss on the grounds that defendants fail to allege fraud with particularity under Fed. R. Civ. P. 9(b) should be granted.

**2.  Defendants' counterclaims 4-6 must also be dismissed on the same grounds as counterclaims 1-3.** Defendants' counterclaims 4-6 seek to cancel plaintiff's registrations on the Yogi marks on essentially the same allegations asserted in their first three counterclaims. Defendants do not even attempt to allege any facts that might support a claim for fraud. Instead, defendants merely incorporate their allegations from the previous counterclaims. No facts that explain what amounted to misrepresentations on the part of plaintiff, or what fraudulent activities plaintiff engaged in to obtain the registrations at issue are alleged. No facts are plead because none exist. It is that simple.

In addition, defendants have failed to allege any facts to establish that they have any right or interest in the registrations. All defendants assert is that they are "authorized" to use the marks by the defined Trust, which itself has no ownership rights in the registrations at issue. These are precisely the types of "threadbare recitals" that the Supreme Court has firmly stated will not survive a motion to dismiss.

6

708480.0104/913035.1   PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS 1 THROUGH 6

### C. Raising the Rights of a Third Party by Alleging *Jus Tertii* Must Be Rejected.

By claiming a third party is the rightful owner of the registrations, defendants are essentially asserting what is known as *jus tertii* which is universally disfavored and should be rejected. *Jus tertii* arises when a defendant raises the rights of a third party, arguing in effect that "somebody has a right to sue me, but it is not you." 6 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 31.157 (4th ed. 2008) ("McCarthy"). In the context of a trademark infringement suit, a claim by defendant "that plaintiff has no 'title' because plaintiff itself is an infringer of a third party with rights allegedly superior to plaintiff" is a *jus tertii* defense. *Id.*; *Bambu Sales, Inc. v. Sultana Crackers, Inc.*, 683 F. Supp. 899, 909 (E.D.N.Y. 1988) (citing McCarthy).

This claim is disfavored not only in trademark law, but in other contexts as well. For example, in land trespass and personal property conversion cases, it is the majority rule that it is no defense that plaintiff does not have legal title to the property. *Id.* (quoting 75 Am. Jur. 2d, *Trespass* § 40 "Possession is title against all the world but the true owner."). Federal courts have regularly rejected *jus tertii* in trademark litigation. *See generally id.* at § 31.160 and cases cited therein. *See also Capetola v. Orlando*, 426 F. Supp. 616, 617-18 (E.D. Pa. 1977) (noting a "general prohibition against the assertion of *jus tertii* as a defense"); *Louisiana-Pacific Corp., Weather-Seal Div. v. Smith*, 1974 WL 20260, 185 U.S.P.Q. 231 (third parties who are challenging plaintiff-registrant's ownership of mark are not indispensable parties to every pending lawsuit); *Association of Co-op Members, Inc. v. Farmland Industries, Inc.*, 684 F.2d 1134 (5th Cir. 1982); *General Cigar Co., Inc. v. G.D.M. Inc.*, 988 F. Supp. 647 (S.D.N.Y. 1997) ("[w]hether or not third-party enjoys trademark rights superior to those of plaintiff will be resolved in a separate action; third-party's rights cannot constitute a defense in an infringement action against defendant."); *Eagle Snacks, Inc. v. Nabisco Brands, Inc.*, 625 F. Supp. 571

7

708480.0104/913035.1   PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS 1 THROUGH 6

(D.N.J. 1985) (rejecting defense that third party had priority over plaintiff and had to be joined as a party and stating that *jus tertii* should not be allowed as a defense in any trademark case).

Indeed, the leading commentator on trademark law, Professor McCarthy, states:

> As a matter of policy, jus tertii should not be allowed as a defense in any trademark case. So long as plaintiff proves rights superior to defendant, that is enough. * * * By raising jus tertii, a defendant could effectively divert attention from its own alleged infringement and become a vicarious avenger of another's purported rights against plaintiff * * * [a] case could be expanded beyond reasonable bounds and effectively slowed to a crawl.

McCarthy § 31.160. And this has long been the position of the Ninth Circuit:

> Most importantly, however, a third party's prior use of a trademark is not a defense in an infringement action. A number of cases from the 1920s so hold, including *Ward Baking Co. v. Potter-Wrightington, Inc.*, in which the court wrote that "even if, for some purposes and in some territory, [a third party] may have a right in the trademark superior to that of the plaintiff, the defendant is not thereby exonerated from responsibility for an attempt to appropriate to itself a good will created by the plaintiff during a long course of business." 298 F. 398, 402 (1st Cir. 1924). *See also Del Monte Special Food Co. v. California Packing Corp.*, 34 F.2d 774, 777 (9th Cir. 1929) (holding in unfair competition case that "whatever may be the respective rights of the appellee and * * * other users of the name 'Del Monte,' such use does not justify the appellant in its more recent use of appellee's well-known mark upon a new and different product recently produced by it"). This rule is nothing more than the application to the field of trademarks of the familiar real-property doctrine that "[p]ossession is title against all the world but the true owner". *McCarthy*, § 31.39[2]. Modern trial courts have adhered to this rule—[citations omitted]—and a prominent commentator in the field supports it. *McCarthy*, § 31.39[4] ("[A third-party's rights] should not be allowed as a defense in any trademark case. So long as plaintiff proves rights superior to defendant, that is enough. Defendant is no less an infringer because it is brought to account by a plaintiff whose rights may or may not be superior to the whole world. The plaintiff's speculative dispute with a third party does not concern the defendant.").

8

708480.0104/913035.1   PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS 1 THROUGH 6

*Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820-21 (9th Cir. 1996). Styled as counterclaims, defendants attempt to assert a textbook *jus tertii* defense, which should be rejected.

## IV. CONCLUSION

Defendants' counterclaims are plainly unsupported by any law or fact that would allow them to survive a motion to dismiss those claims. Defendants cannot establish that they have a sufficient interest in the asserted registrations to enable them to demonstrate standing to either cancel or transfer the registrations. Neither have defendants asserted any facts, which if true, would entitle them to seek the relief they seek in counterclaims 1-6. Lastly, defendants base counterclaims 1-6, in part, on assertions that the relevant registrations were obtained through fraud. However, defendants plead no facts whatsoever that could, or would amount to misrepresentations or fraudulent activities on the part of plaintiff. For the foregoing reasons, plaintiff is entitled to prevail on this motion to dismiss in its entirety.

DATED: March 21, 2011

> GREENBERG GLUSKER FIELDS
> CLAMAN & MACHTINGER LLP
>
> By: /s/ Stephen S. Smith
>    STEPHEN S. SMITH (SBN 166539)
>
> LANE POWELL PC
>
> By: /s/ Parna A. Mehrbani
>    JULIANNE R. DAVIS (*pro hac vice pending*)
>    PARNA A. MEHRBANI (*admitted pro hac vice*)
>
> Attorneys for Plaintiff GOLDEN TEMPLE OF OREGON, LLC

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Greenberg, Glusker, Fields, Claman & Machtinger LLP, 1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067.

On **March 21, 2011**, I served the following documents: **PLAINTIFF GOLDEN TEMPLE OF OREGON, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANTS YOGI BOTANICALS INTERNATIONAL CORPORATION AND SINGH BHAI'S COUNTERCLAIMS 1 THROUGH 6** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Surjit P. Soni, Esq.<br>M. Danton Richardson, Esq.<br>Ronald E. Perez, Esq.<br>THE SONI LAW FIRM<br>35 North Lake Avenue, Suite 720<br>Pasadena, CA  91101 | *Attorneys for Defendants and Cross-Claimants Yogi Botanicals International Corporation, and Ranbir Singh Bhai*<br>P: 626-683-7900<br>F: 626-683-1199<br>E:  surj@sonilaw.com<br>     danton@sonilaw.com<br>     ron@sonilaw.com |

__X__    **(BY MAIL)**  By placing the document(s) listed above in sealed envelope(s) in a designated "OUT" box in the office of my employer.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid.  (CCP Section 1013a, 2015.5, FRCP section 5(B), or FRAP 25(d).

__X__    **(BY CM/ECF)** The document(s) listed above were also served on **March 21, 2011** by electronic service by electronically filing said documents with the U.S. District Court, Central District of California Case Management/Electronic Case Filing (CM/ECF) system.  Upon completion of transmission of said documents, a Notice of Electronic Filing (NEF) was issued to the filing party acknowledging receipt of said documents by the CM/ECF system and that notice had been electronically mailed to all parties.

__X__    **(Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **March 21, 2011**, at Los Angeles, California.

| | |
|---|---|
| _____Sheila M. Fallen_____ | __/s/ Sheila M. Fallen__<br>Signature |